UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Douglas E. Arpert**
United States Magistrate Judge

Clarkson S. Fischer Building
& U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

LETTER ORDER

July 9th, 2015

Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd.
Suite 402
Flemington, NJ 08822

**Re:   Malibu Media, LLC v. John Doe subscriber assigned IP address 173.61.191.3**
       **Civil Action No.: 15-3864 (MAS) (DEA)**

Counsel:

This matter comes before the Court on Plaintiff Malibu Media, LLC's unopposed motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference [dkt. no. 5]. For the reasons stated below, and consistent with the opinion of the Honorable Joseph A. Dickson, U.S.M.J. in Malibu Media, LLC v. John Doe subscriber assigned IP address 100.1.79.223, Civ. Action No. 14-cv-3856, Plaintiff's motion is **GRANTED, in part, and DENIED, in part**.

   **I.   BACKGROUND.**

On June 20, 2014, Plaintiff filed a Complaint against a "John Doe" defendant identified only by an IP address, asserting a claim for direct copyright infringement. (Compl., dkt. no. 1, ¶¶ 31-36). Plaintiff alleges that Defendant used a file-sharing protocol called BitTorrent to illegally infringe upon Plaintiff's copyrighted Works.[1] (Id. ¶¶ 11-24). Plaintiff contends that the BitTorrent

---

[1] Plaintiff alleges that it is the owner of certain United States Copyright Registrations, each of which covers a different motion picture. (Compl., dkt. no. 1, ¶ 3, Ex. B).

protocol functions by "break[ing] a [large] file into many small pieces called bits. Users then exchange these small bits among each other instead of attempting to distribute a much larger digital file." (Id. ¶ 13). Each bit is assigned a unique cryptographic hash value, which the BitTorrent client software uses to coordinate the exchange of bits between users who are sharing the larger file in question. (Id. ¶ 15-16). Once a user downloads all of the bits comprising the file, the user's "BitTorrent client software reassembles the bits so that the file maybe opened and utilized." (Id. ¶ 14).

Plaintiff retained an investigator, IPP International UG, to identify the internet protocol ("IP") addresses of those alleged infringers who used the BitTorrent protocol to reproduce or distribute the Works. (Id. ¶¶ 18-23). Plaintiff alleges that Defendant was engaged in sharing certain of the Works, as IPP International UG was able to use the BitTorrent protocol to download one or more bits of those Works during connections with Defendant's IP address. (Id. ¶¶ 18-24). Plaintiff further alleges that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization." (Id. ¶ 20).

Given the anonymous nature of the alleged conduct at issue, Plaintiff has only been able to identify Defendant by his/her IP address. That IP address was assigned by Defendant's internet service provider ("ISP") which, Plaintiff contends, can compare that IP address with its records to ascertain Defendant's identity. (Pl. Br., dkt. no. 5-4, at 4-5). In this case, Plaintiff has deduced that Verizon Internet Services is Defendant's ISP, (id. at 4) and seeks leave to serve Verizon with a Subpoena directing it to disclose Defendant's true name, address, telephone number and e-mail address. (Id. at 5). Plaintiff contends that it cannot establish Defendant's true identity without this information and would otherwise be unable to "serve the Defendant nor pursue this lawsuit to protect its valuable copyrights." (Id.). Plaintiff also argues that ISPs may only maintain the

necessary information for a short period of time, thereby inferring that this information may be lost if it does not act quickly. Id.

## II. LEGAL STANDARD AND ANALYSIS

Fed. R. Civ. P. 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Court, however, may grant leave to conduct discovery prior to that conference. See id. In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test. See In re Bittorrent Adult Film Copyright Infringement Cases, No. 11-3995(DRH), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

This Court has previously applied the "good cause" standard to permit limited, early discovery under nearly identical circumstances. See Malibu Media, LLC. v. John Does 1-11, No. 12-7615, 2013 U.S. Dist LEXIS 26217 (D.N.J. Feb. 26, 2013). In that case, the plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants'

names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses. Id. at *3-4. The Court granted the plaintiff's request for early discovery, but only permitted the plaintiff to obtain the information absolutely necessary to allow it to continue prosecuting its claims: the defendant's name and address. Id. at * 3. The Court imposed that limitation due to the fact that the person whose information was associated with the ISP might not be the same person who engaged in the allegedly infringing activity (i.e., others, including persons outside of the household, may have been responsible), and because more expansive discovery could impose an undue burden on such innocent individuals. Id. at *9-11 (citing Third Degree Films, Inc. v. John Does 1-110, Civ. A. No. 2:12-cv-5817, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Other courts in this District have reached the same conclusion and have imposed similar limitations. See, e.g., Malibu Media, LLC v. Doe, No. 13-4660 (JAP) (DEA), slip op. (ECF No. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); Voltage Pictures v. Doe, No. 12-6885 (RMB) (JS), 2013 U.S. Dist. LEXIS 155356, *9-10 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address and media control address associated with a particular IP address); Malibu Media, LLC v. John Does 1-18, No. 12-7643 (NLH) (AMD), 2013 U.S. Dist. LEXIS 155911, *9-10 (D.N.J. Mar. 22, 2013) (restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the internet subscriber's telephone number or e-mail addresses).

     Here, the Court finds good cause to permit limited discovery prior to the Rule 26(f) conference. Without information from Verizon, Plaintiff will likely be unable to amend its Complaint to name the appropriate defendant, let alone effectuate service of that pleading. Moreover, while the Court recognizes that the subscriber whose information is associated with the ISP may not be personally responsible for the alleged infringement, he or she may have

information that would assist in identifying the infringer. The subscriber's identity is, therefore, relevant and discoverable under the broad scope of Rule 26. See Malibu Media, LLC v. Does, No. 12-07789 (KM) (MCA) 2013 U.S. Dist. LEXIS 183958, *24 (D.N.J. Dec. 18, 2013) ("The Court notes that it is possible that the Internet subscriber did not download the infringing material. It is also possible, however, that the subscriber either knows, or has additional information which could lead to the identification of the alleged infringer. Accordingly, the Court finds that the information sought by the subpoena is relevant.").

While the Court finds that some early discovery is necessary to assist Plaintiff in identifying the individuals who are allegedly infringing its copyrights, the Court remains cognizant of the impact that the disclosure of the information Plaintiff seeks might have on an innocent subscriber. Malibu Media, 2013 U.S. Dist. LEXIS 26217 at *10. Moreover, even if the Court permits Plaintiff to obtain all of the expedited discovery it seeks, that would not necessarily reveal the appropriate defendant's identity. It will, rather, only provide information regarding the ISP subscriber. Plaintiff would then have to determine whether that particular subscriber illegally distributed the Work. See Pac. Century Int'l Ltd. v. Does, C-11-02533 DMR, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011). In other words, Plaintiff will have to go beyond the "limited discovery" that it contends will reveal Defendant's identity. Id. The burdens associated with the potentially expansive and intrusive discovery that Plaintiff may need to propound in order to obtain Defendant's identity likely would outweigh Plaintiff's need for expedited discovery. Id. (citations omitted). The Court must, therefore, endeavor to fashion a remedy that will adequately protect all parties' rights. See In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, *1, *13.

In light of the foregoing, the Court grants Plaintiff's motion, in part. Plaintiff may serve Verizon with a Subpoena pursuant to Federal Rule of Civil Procedure 45. That Subpoena, however, may <u>only</u> seek the name and address of the subscriber (i.e., IP address 173.61.191.3) who shared the bits identified in Plaintiff's Complaint and the exhibits annexed thereto. Under no circumstances is Plaintiff permitted to seek or obtain that subscriber's telephone number(s) or email address(es). Plaintiff shall attach a copy of this Letter Order to its Subpoena. Information obtained from the ISP shall only be used for the purpose of this litigation and Plaintiff must be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2] All other aspects of Plaintiff's motion are denied.

                                             **SO ORDERED:**

                                             <u>s/ *Douglas E. Arpert*</u>
                                             **DOUGLAS E. ARPERT**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[2] If Plaintiff seeks leave to file an Amended Complaint naming a specific defendant, then it shall ensure that it has an adequate factual basis for the assertion that the proposed defendant engaged in the alleged infringement. By permitting this discovery, the Court is not finding that Plaintiff can rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims.